**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 22, 2011

Lyle W. Cayce
Clerk

No. 10-50320
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FILOMENO TREVINO FRANCO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-284-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

A jury convicted Filomeno Trevino Franco of one count of attempted escape
from the Odessa Detention Center (ODC), a violation of 18 U.S.C. § 751(a). The
district court sentenced Franco to 57 months of imprisonment and a three-year
term of supervised release. Franco filed a timely notice of appeal.

According to Franco, the Government failed to present any evidence that
would sustain his conviction. To prove an escape offense under § 751(a), the
Government must prove that the "defendant made 1) an unauthorized departure

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

or escape, 2) from custody of an institution where the prisoner is confined by direction of the Attorney General, 3) where the custody or confinement is by virtue either of arrest for a felony or conviction of any offense." *United States v. Taylor*, 933 F.2d 307, 309 (5th Cir. 1991). Franco stipulated to the second and third elements of the escape offense. To prove an attempt, the Government must show that "the defendant acted with the kind of culpability otherwise required for the commission of the underlying substantive offense" and that "the defendant had engaged in conduct which constitutes a substantial step toward commission of a crime." *United States v. Partida*, 385 F.3d 546, 560 (5th Cir. 2004).

In determining whether there was sufficient evidence to support the conviction, we must view the evidence in the light most favorable to the jury's verdict. *See United States v. Resio-Trejo*, 45 F.3d 907, 910 (5th Cir. 1995). The evidence here was that a bar was missing from Franco's cell, which he alone occupied. Two other inmates saw Franco outside his cell in the catwalk area between his cell and an exterior wall that had windows. The fifth window from the end was broken, and Franco had had one of the other inmates call a phone number and state that Franco needed help. The note also referenced the "fifth one." Franco later had that same inmate call the number again to find out when the recipient of the telephone call was coming. A reasonable trier of fact could conclude from this evidence that Franco took a substantial step toward escaping from the ODC. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We thus uphold the jury's verdict. *Id.*

Franco argues that, during closing argument, the prosecutor improperly commented that the evidence against him was overwhelming. As Franco did not object in the district court, his challenge to the prosecutor's closing arguments is reviewed only for plain error. *See United States v. Thompson*, 482 F.3d 781, 785 (5th Cir. 2007). A review of the challenged comment shows that it was not improper because it was clear that any conclusions urged by the prosecutor were

to be drawn from the evidence. *See id.* at 785-86. Accordingly, Franco has failed to show plain error in this regard. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

AFFIRMED.